**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| DOMINIQUE L. ALEXANDER | ) | Civil Action No. 7:18-cv-03065-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY ACTION** |
| BAYERISCHE MOTOREN WERKE AG | ) | |
| & BMW OF NORTH AMERICA, LLC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, Dominique L. Alexander, by and through the undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, and files this Complaint for Damages against the Defendants Bayerische Motoren Werke AG and BMW of North America, LLC, and shows the Court as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking recovery for the serious, permanent, life scarring and post-crash personal injuries sustained by the Plaintiff Dominique L. Alexander (hereinafter "Ms. Alexander" or "Plaintiff") arising out of a foreseeable rear-end automobile collision on June 16, 2017 along Interstate 85 near Cowpens, South Carolina ("the Incident").

2.      Immediately prior to the Incident, Ms. Alexander was reasonably and foreseeably operating her 2015 BMW 528I, Vehicle Identification Number ("VIN") WBA5A5C54FD519705 ("the Subject Vehicle"), having brought the Subject Vehicle to a stop due to prevailing traffic conditions.

3.      Although traffic conditions dictated that Ms. Alexander bring the Subject Vehicle to stop, the Subject Vehicle was nevertheless stricken from behind.

4.      After being stricken from behind, the Subject Vehicle failed to provide Ms. Alexander with a reasonable or intended degree of crashworthiness during the foreseeable rear-end collision, as the Subject Vehicle's driver's seat, then-occupied by Ms. Alexander, not only collapsed, but its driver's front air bag system also failed to deploy.

5.      The Plaintiff brings this automotive products liability and personal injury action for her damages sustained, including but not limited to pain, suffering, and loss of enjoyment of life, as well as for punitive damages.

6.      This products liability action includes claims for general negligence, gross negligence, reckless conduct and strict liability in tort.

7.      The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of an uncrashworthy, defective, and unreasonably dangerous automobile and automobile occupant protection system, including driver's seat system.

## THE PARTIES, JURISDICTION, AND VENUE

8.      At all times relevant herein, Plaintiff is and was a citizen of State of North Carolina, residing in Winston-Salem, Forsyth County, North Carolina.

9.      Defendant Bayerische Motoren Werke AG ("BMW AG") is a German company organized under German law, whose registered office is in Munich, Germany, located at the BMW Building, Petuelring 130, Milbertshofen-am Hart, Munich, Bavaria, Germany 80788. Defendant BMW AG a multi-national, multi-billion dollar company that manufactures, assembles, tests, markets, promotes, advertises, distributes and sells BMW brand cars, trucks, and sport utility vehicles in the United States, including the Subject Vehicle. Defendant BMW AG may be served via the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and

Commercial Matters.

10.     At all times relevant herein, Defendant BMW AG has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

11.     Defendant BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Rd., Woodcliff Lake, New Jersey, 07677.  BMW NA designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells BMW brand cars, trucks, and sport utility vehicles in the United States, including the Subject Vehicle. Defendant BMW NA has a Certificate of Authority to Transact Business in South Carolina and may be served by and through its registered agent for service of process, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

12.     At all times relevant herein, Defendant BMW NA has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

13.     Unless otherwise specified, Defendants BMW AG and BMW NA shall hereinafter be

collectively referred to as "BMW."

14.     This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

15.     Venue of this action properly lies in the District of South Carolina, pursuant to 28 U.S.C. § 1391(a), and within the Spartanburg Division, pursuant to Local Civil Rule 3.01 (D.S.C.), as it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

16.     Plaintiff is informed and believes, and thereon alleges, at all times mentioned in this Complaint, Defendant BMW AG and Defendant BMW NA were and are in the business of designing, engineering, building, manufacturing, constructing, assembling, inspecting, fabricating testing, recommending, approving, distributing, marketing, advertising, promoting, selling, leasing, maintaining, packaging, and otherwise approving for distribution and sale to the general public certain motor vehicles, including the Subject Vehicle.

17.     On June 16, 2017, Ms. Alexander was operating the Subject Vehicle and using it for its intended purpose, namely traveling southbound on I-85 near Cowpens, South Carolina.

18.     Immediately prior to the incident which forms the basis of this action ("the Incident"), traffic conditions on I-85 South required Ms. Alexander to bring the Subject Vehicle to a complete stop in the left hand lane.

19.      Due to the aforementioned traffic conditions, three vehicles directly in front of the Subject Vehicle, a 2016 Chevrolet pickup, a 2008 Ford SUV and a 2009 Chrysler sedan, had each come to a complete stop in the left lane of I-85 South.

20.     While Ms. Alexander had brought the Subject Vehicle to complete stop in the left lane of I-85 due to prevailing traffic conditions, a 2004 Dodge SUV also traveling southbound in the left land of I-85 lane suddenly and unexpectedly struck the rear of the Subject Vehicle.

21.     The force of this rear collision pushed the Subject Vehicle into the Chrysler sedan directly in front of it; in turn, Chrysler sedan was pushed into the Ford SUV and the Ford SUV was pushed into the Chevrolet pickup.

22.     The force of this rear collision pushed the Subject Vehicle into the Chrysler sedan directly in front of it; in turn, Chrysler sedan was pushed into the Ford SUV and the Ford SUV was pushed into the Chevrolet pickup.

23.     In addition to pushing the Subject Vehicle into the stopped Chrysler sedan, the force of the rear collision also caused the Subject Vehicle to leave the left side of the roadway and to then strike a guardrail.

24.     The Incident which forms the basis of this Complaint was a foreseeable collision event an occurred during Ms. Alexander's ordinary, reasonable, safe use of the Subject Vehicle at the time.

25.     At the time of the Incident, the Plaintiff was properly restrained in the driver's seat using the lap and shoulder belt provided in the Subject Vehicle.

26.     Nonetheless, during the Incident, a reasonably foreseeable rear-end automobile collision, the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system, failed to protect Ms. Alexander. Due to failure of the Subject Vehicle's occupant protection systems, including the collapse of the back of the driver's seat and/or the non-deployment of the driver's frontal airbag system in the Subject Vehicle, Ms. Alexander sustained serious trauma and injuries, including but not limited to traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal

factures extending into the frontal sinuses, left forearm and wrist fractures, and severed emotional distress.

27.     The Subject Vehicle's occupant protection systems, including the driver's front seating system and the driver's front airbag systems, failed to provide protection to Ms. Alexander during that reasonably foreseeable rear-end automobile collision.

28.     At the time of the Incident the Subject Vehicle and its component sub-assemblies at issue in this action were in the same essential condition as they were at the time that they left the Defendant's control.

29.     At no time prior to the Incident did Plaintiff have facts or information sufficient to apprise her, actually or constructively, of the defective condition of the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system.

30.     At no time prior to the Incident did Plaintiff discover the defective condition of the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system.

31.     At no time prior to the Incident did Plaintiff have facts or information sufficient to apprise her, actually or constructively, of the unreasonable dangers posed by the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system.

32.     At no time prior to the Incident did Plaintiff, upon having facts or information which not only apprised her of the defective condition of the of the unreasonable dangers posed by the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system, but also imparted knowledge and appreciation of the dangers posed thereby, then proceed to make use of the Subject Vehicle.

6

33.     At no time prior to the Incident did Plaintiff, upon having facts or information which not only apprised her of the defective condition of the of the unreasonable dangers posed by the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system, but also imparted knowledge and appreciation of the dangers posed thereby, then proceed to make use of the Subject Vehicle in an unreasonable manner.

34.     At no time prior to the Incident did Plaintiff, upon having facts or information which not only apprised her of the defective condition of the of the unreasonable dangers posed by the occupant protection systems in the Subject Vehicle, including the driver's front seating system and the driver's front airbag system, but also imparted knowledge and appreciation of the dangers posed thereby, then proceed to make use of the Subject Vehicle in a manner unforeseeable to either Defendant BMW AG or to Defendant BMW NA.

35.     The injuries sustained by Ms. Alexander, as described more fully herein, would not have occurred but for the defects present in the Subject Vehicle and its occupant protection systems, and the component parts thereto, on June 16, 2017, as those defects allowed the occupant protection systems, including the driver's seat in the Subject Vehicle to collapse, and/or driver's frontal airbag system to not deploy, following a reasonably foreseeable rear-end automobile collision.

## CONDITIONS PRECEDENT

36.     All conditions precedent to the bringing of this action and Plaintiff's right to the relief sought herein have occurred, have been performed or have been excused.

### FIRST CLAIM FOR RELIEF
### Strict Liability: Design Defect
### (Against Defendant BMW AG & Defendant BMW NA)

37.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully

herein.

38.    At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 *et seq*. of the South Carolina Code of Laws (1976, as amended).

39.    Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW AG and Defendant BMW NA are each strictly liable for designing, testing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

40.    At all times relevant herein, the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, was defective and unreasonably dangerous as to its design causing the Subject Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

41.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA were, collectively and respectively, responsible for the design, marketing and sale of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system.

42.    At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner, including when the Incident alleged herein occurred.

43.    Plaintiff neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

44.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with occupant protection systems, including but not limited to the driver's front seating system, which allowed the driver's seat back

to collapse in foreseeable collisions, including during the Incident.

45.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, and sold with occupant protection systems, including the driver's front airbag system, which failed to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident;

46.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA were, collectively and respectively, aware of feasible alternative designs which would have minimized or eliminated altogether the risks of injury posed by the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system.

47.    At all times relevant, the risks of injury posed by the design of Subject Vehicle and its occupant protection systems, including the driver's front seating system, outweighed the potential benefits, if any, offered by said driver's front seating system.

48.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA were, collectively and respectively, aware of feasible alternative designs which would have minimized or eliminated altogether the risks of injury posed by the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front airbag system.

49.    At all times relevant, the risks of injury posed by the design of Subject Vehicle and its occupant protection systems, including but not limited to the driver's airbag system outweighed the potential benefits, if any, offered by said driver's airbag system.

50.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, collectively and respectively, failed to design, test, inspect, and/or sell a product that was safe for its intended use.

51.    The design, marketing and sale of the unreasonably dangerous Subject Vehicle by

Defendant BMW AG and Defendant BMW NA was a direct and proximate cause of the serious, permanent injuries Plaintiff sustained arising out of the Incident, including but not limited to:

    a.  Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

    b.  Excruciating physical pain and suffering;

    c.  Severe mental and emotional distress;

    d.  Lost wages and loss of earning capacity, past, present and future; and

    e.  Such other injuries as the evidence may show.

52.    Plaintiff demands judgment against Defendant BMW AG and Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

53.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## SECOND CLAIM FOR RELIEF
### Strict Liability: Manufacturing Defect
**(Against Defendant BMW AG & Defendant BMW NA)**

54.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

55.    At all times relevant herein, there was in full force and effect certain statutes of the State

of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-*10 et seq*. of the South Carolina Code of Laws (1976, as amended).

56.     Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW AG and Defendant BMW NA are each strictly liable for manufacturing, testing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

57.     At all times relevant herein, Defendant BMW AG and Defendant BMW NA were, collectively and respectively, responsible for the manufacture and sale of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system prior to the Incident on June 16 2017.

58.     At all times relevant herein, the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, was defective and unreasonably dangerous as the Subject Vehicle's as-manufactured condition did not conform to its intended design and did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

59.     At all times relevant herein, the Subject Vehicle's driver's front seating system did not conform to its intended design and did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use, rendering it to be in a defective condition that made it unreasonably dangerous for its intended use.

60.     At all times relevant herein, the Subject Vehicle's the driver's front airbag system did not conform to its intended design and did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its

expected use, rendering it to be in a defective condition that made it unreasonably dangerous for its intended use.

61.    At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred.

62.    Plaintiff neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

63.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was manufactured and sold with occupant protection systems, including but not limited to the driver's front seating system, which allowed the driver's seat back to collapse in foreseeable collisions, including during the Incident.

64.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was manufactured and sold with occupant protection systems, including but not limited to the driver's front airbag system, which failed to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident;

65.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA were aware that the average consumer would not recognize, or appreciate, the risks posed by the failure of the driver's front seating system to conform to its intended design.

66.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA were aware that the average consumer would not recognize, or appreciate, the risks posed by the failure of the driver's front airbag system to conform to its intended design.

67.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, respectively and collectively, failed to manufacture, test, inspect, and/or sell a product that was safe for its

intended use.

68.     The manufacture, marketing and sale of the unreasonably dangerous Subject Vehicle by Defendant BMW AG and Defendant BMW NA was a direct and proximate cause of the serious, permanent injuries Plaintiff sustained arising out of the Incident, including but not limited to:

    a.   Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

    b.   Excruciating physical pain and suffering;

    c.   Severe mental and emotional distress;

    d.   Lost wages and loss of earning capacity, past, present and future; and

    e.   Such other injuries as the evidence may show.

69.     Plaintiff demands judgment against Defendant BMW AG and Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

70.     Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### THIRD CLAIM FOR RELIEF
### Strict Liability: Failure to Warn
### (Against Defendant BMW AG & Defendant BMW NA)

71.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully

13

herein.

72.     At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 *et seq*. of the South Carolina Code of Laws (1976, as amended).

73.     Pursuant to S.C. Code § 15-73-10 *et seq*., Pursuant to S.C. Code § 15-73-10 *et seq*., Defendants BMW AG and Defendant BMW NA are each strictly liable in tort, irrespective of privity, for placing a defective and unreasonably dangerous product in the stream of commerce without adequate or necessary warnings sufficient to inform foreseeable users and consumers, including Plaintiff, of the dangerous conditions and hazards associated with the design and/or manufacture of the Subject Vehicle and its occupant protection systems, including the driver's front seating system and the driver's front airbag system.

74.     Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW AG and Defendant BMW NA are each strictly liable in tort, irrespective of privity, for placing a defective and unreasonably dangerous product in the stream of commerce without adequate or sufficient warnings because it each knew or had reason to know that the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, was unreasonably dangerous due to, *inter alia,* its significant risk of that the driver's front seating system would collapse in foreseeable, anticipate real-world collisions.

75.     Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW AG and Defendant BMW NA are each strictly liable in tort, irrespective of privity, for placing a defective and unreasonably dangerous product in the stream of commerce without adequate or sufficient warnings because it each knew or had reason to know that the Subject Vehicle and its occupant protection systems, including the driver's front seating system and the driver's front airbag system, was unreasonably

dangerous due to, *inter alia,* the significant risk that the driver's front airbag system would fail to deploy in foreseeable, anticipate real-world secondary collisions.

76.    At all times relevant, Defendant BMW AG and Defendant BMW NA each knew, or should have known, that the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, presented a substantial danger during intended and reasonably foreseeable use which was not readily recognizable to ordinary users and consumers, including Plaintiff.

77.     At all times relevant herein, the Subject Vehicle's driver's front seating system did not conform to its intended design and did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use, rendering it to be in a defective condition that made it unreasonably dangerous for its intended use.

78.    At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred.

79.    Plaintiff neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

80.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, collectively and respectively, had a duty to warn users of the dangers associated with by the Subject Vehicle and its occupant protection systems, including the driver's front seating system and the driver's front airbag system.

81.    The lack of such warnings rendered Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system,

to be defective and unreasonably dangerous.

82.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, collectively and respectively, failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

83.    Had Defendant BMW AG and Defendant BMW NA, collectively and respectively, warned, and/or adopted alternative warnings regarding the aforementioned risks posed by the Subject Vehicle and its occupant protection systems, including the driver's front seating system and the driver's front airbag system, Plaintiff would have actually been informed and apprised of those acute risks and would have altered her conduct, and preventing the Incident.

84.    The failure Defendant BMW AG and of Defendant BMW NA, respectively and collectively, to adequately warn of the substantial dangers posed by Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, was a proximate cause of Plaintiff's injuries.

85.    The design, manufacture, marketing and/or sale of the Subject Vehicle by Defendant BMW AG and Defendant BMW NA without adequate or sufficient warnings regarding the hazards posed by the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, was a direct and proximate cause of the serious, permanent injuries Plaintiff sustained arising out of the Incident, including but not limited to:

      a.    Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

      b.    Excruciating physical pain and suffering;

    c.  Severe mental and emotional distress;

    d.  Lost wages and loss of earning capacity, past, present and future; and

    e.  Such other injuries as the evidence may show.

86.    Plaintiff demands judgment against Defendant BMW AG and Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

87.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### FOURTH CLAIM FOR RELIEF
### Negligence, Gross Negligence, Willful and Wanton Conduct: Design Defect
### (Against Defendant BMW AG & Defendant BMW NA)

88.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

89.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, respectively and collectively, designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system.

90.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, respectively and collectively, designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Subject Vehicle and its occupant protection systems, including but not limited to the

driver's front seating system and the driver's front airbag system, and each owed Plaintiff a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Subject Vehicle and its components, including but not limited to its occupant protection systems, including the driver's front seating system and the driver's front airbag system, so that they would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

91.    At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Defendant BMW AG and Defendant BMW NA, respectively and collectively, the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system, are, and were, inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

92.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, respectively and collectively, were each negligent, grossly negligent, willful, wanton, reckless and careless in the design, selection, inspection, testing, assembly, equipping, marketing, distribution and sale of the Subject Vehicle, and each breached its duties of care owed to Plaintiff by:

   a.    Failing to adopt and implement adequate safety hierarchy procedures and policies;

   b.    Failing to design, manufacture, test, assemble and/or install the occupant protection systems, including but not limited to the driver's front seating system, so as to prevent the driver's seat from collapsing and causing catastrophic injuries during foreseeable collisions;

c.    Failing to design, manufacture, test, assemble and/or install the occupant protection systems, including but not limited to the driver's front airbag system, so as to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident;

d.    Failing to ensure that the Subject Vehicle was reasonably crashworthy;

e.    Failing to exercise reasonable care in the design of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system;

f.    Failing to exercise reasonable care in the testing of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system;

g.    Failing to exercise reasonable care in the inspection of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system;

h.    Failing to adopt and implement adequate warnings regarding Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system;

i.    Failing to incorporate appropriate quality assurance procedures in design of the of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system;

j.    Failing to adopt feasible alternative designs with respect to the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and/or the driver's front airbag system; and

19

    k.      On such other and further particulars as the evidence may show.

93.    At all times relevant, as a direct and proximate result of respective and collective tortious actions and inactions of Defendant BMW AG and of Defendant BMW NA, and the breaches complained of herein, Plaintiff has suffered serious permanent injuries arising out of the Incident, including but not limited to:

    a.    Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

    b.    Excruciating physical pain and suffering;

    c.    Severe mental and emotional distress;

    d.    Lost wages and loss of earning capacity, past, present and future; and

    e.    Such other injuries as the evidence may show.

94.    Plaintiff demands judgment against Defendant BMW AG and Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

95.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**<u>FIFTH CLAIM FOR RELIEF</u>**
**<u>Negligence, Gross Negligence, Willful and Wanton Conduct: Manufacturing Defect</u>**
**(Against Defendant BMW AG & Defendant BMW NA)**

96.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

97.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, collectively and respectively, were responsible for the manufacture, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and sale of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system.

98.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, collectively and respectively, manufactured the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, and each owed Plaintiff a duty of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute, and sell the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, so that it would conform to its intended design and so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

99.    At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Defendant BMW AG and Defendant BMW NA, collectively and respectively, the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including but not limited to the driver's seat system is and was inadequately manufactured and constructed, did not conform to its intended design, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable

accidents occurring in the real world environment of its expected use.

100.    At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by Defendant BMW AG and Defendant BMW NA, collectively and respectively, the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including but not limited to the driver's front airbag systems is and was inadequately manufactured and constructed, did not conform to its intended design, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

101.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA, collectively and respectively, were each negligent, grossly negligent, willful, wanton, reckless and careless in the manufacture of the Subject Vehicle and each breached its duties of care owed to Plaintiff by:

   a.    Failing to adopt and implement adequate safety hierarchy procedures and policies;

   b.    Failing to manufacture, test, assemble and/or install the occupant protection systems, including but not limited to the driver's seat and occupant restraint systems, so as to prevent the back of the driver's seat from collapsing and causing catastrophic injuries during foreseeable collisions;

   c.    Failing to manufacture, test, assemble and/or install the occupant protection systems, including but not limited to the driver's front airbag system, so as to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident;

   d.    Failing to ensure that the Subject Vehicle was reasonably crashworthy;

   e.    Failing to exercise reasonable care in the manufacture of the Subject Vehicle and

22

its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system.

f.   Failing to exercise reasonable care in the testing of the Subject Vehicle and its occupant protection systems, including the driver's front seating system and the driver's front airbag system.

g.   Failing to exercise reasonable care in the inspection of the Subject Vehicle and its occupant protection systems, including but not limited to but not limited to the driver's front seating system and the driver's front airbag system.

h.   failing to adopt and implement adequate warnings regarding Subject Vehicle and its occupant protection systems, including but not limited to the driver's seat and occupant restraint systems;

i.   Failing to incorporate appropriate quality assurance procedures in manufacture of the of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system; and

j.   On such other and further particulars as the evidence may show.

102.   At all times relevant, as a direct and proximate result of respective and collective tortious actions and inactions of Defendant BMW AG and of Defendant BMW NA, and the breaches complained of herein, Plaintiff has suffered serious and permanent serious arising out of the Incident, including but not limited to:

a.   Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

b.   Excruciating physical pain and suffering;

23

    c.   Severe mental and emotional distress;

    d.   Lost wages and loss of earning capacity, past, present and future; and

    e.   Such other injuries as the evidence may show.

103.   Plaintiff demands judgment against Defendant BMW AG and Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

104.   Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**SIXTH CLAIM FOR RELIEF**
**Negligence, Gross Negligence, Willful and Wanton Conduct: Failure to Warn**
**(Against Defendant BMW AG & Defendant BMW NA)**

105.   Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

106.   At all times relevant herein, Defendant BMW AG and Defendant BMW NA, as the entities responsible for designing, testing, manufacturing, distributing, selling, and/or placement into the stream of commerce of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, both owed a duty to warn the Plaintiff of foreseeable dangerous conditions of the Subject Vehicle which would impair its safety.

107.   At all times relevant herein, Defendant BMW AG and Defendant BMW NA each knew or

should have known that the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system, was insufficiently robust so as to prevent the back of the driver's seat from collapsing in foreseeable collisions, including during the Incident.

108.    At all times relevant herein, Defendant BMW AG and  Defendant BMW NA each knew or should have known that the Subject Vehicle's and its occupant protection systems, including but not limited to the driver's front airbag system, was insufficiently robust so as to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident;

109.    At all times relevant herein, neither Defendant BMW AG, nor Defendant BMW NA, would have had, or actually had, any reason to believe that users, including the Plaintiff, would realize these potential dangers.

110.    At all times relevant herein, Defendant BMW AG and  Defendant BMW NA each had a duty to warn users of the dangers associated with by the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system.

111.    At all times relevant herein, Defendant BMW AG and Defendant BMW NA each failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

112.    At all times relevant herein, Defendant BMW AG and  Defendant BMW NA each were negligent, grossly negligent, willful, wanton, reckless and/or careless in that it failed to inform users, including the Plaintiff, of the Subject Vehicle's dangerous condition created by the propensity of the Subject Vehicle's occupant protection systems, including but not limited to the driver's seat system, to allow the driver's seat back to collapse in foreseeable collisions, including

25

during the Incident, and in doing so, breached a duty each owed to the Plaintiff.

113.    At all times relevant herein, Defendant BMW AG and  Defendant BMW NA each was negligent, grossly negligent, willful, wanton, reckless and/or careless in that it failed to inform users, including the Plaintiff, of the Subject Vehicle's dangerous condition created by the propensity of the Subject Vehicle's occupant protection systems, including but not limited to and the driver's front airbag system, to fail to deploy in foreseeable secondary collisions such as the one which occurred during the Incident, and in doing so, breached a duty each owed to the Plaintiff.

114.    The lack of such warnings rendered Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, to be defective and unreasonably dangerous.

115.    Had Defendant BMW AG and Defendant BMW NA warned, and/or adopted alternative warnings regarding the aforementioned risks posed by the Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, Plaintiff would have actually been informed and apprised of those risks and would have altered her conduct, preventing the Incident.

116.    The failure of Defendant BMW AG and of Defendant BMW NA to adequately warn of the substantial dangers posed by Subject Vehicle and its occupant protection systems, including but not limited to the driver's front seating system and the driver's front airbag system, was a proximate cause of Plaintiff's injuries.

117.    As a direct and proximate result of the failure of Defendant BMW AG and of Defendant BMW NA to warn of the dangers posed by the Subject Vehicle's occupant protection systems including but not limited to the driver's front seating system and the driver's front airbag system, and the breaches complained herein, Plaintiff has suffered serious and permanent serious, arising

out of the Incident, including but not limited to:

    a.  Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

    b.  Excruciating physical pain and suffering;

    c.  Severe mental and emotional distress;

    d.  Lost wages and loss of earning capacity, past, present and future; and

    e.  Such other injuries as the evidence may show.

118.    By reason of the foregoing, Plaintiff is entitled to recover for all general and special damages she sustained as a direct and proximate result of each Defendant's negligent and grossly negligent acts or omissions.

119.    Plaintiff demands judgment against Defendant BMW AG and Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

120.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**SEVENTH CLAIM FOR RELIEF**
**Punitive Damages**
**(Against Defendant Defendant BMW NA)**

121.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

122.    In addition to the general and special damages suffered by Plaintiff and proximately caused by the Defendant BMW NA's bad actions and inactions, as it concerns the defective operations and performance of the Subject Vehicle on June 16, 2017, and as previously alleged and set forth in this Complaint, Plaintiff also, as a further result of Defendant BMW NA's reckless, willful, negligent and grossly negligent conduct, is entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

123.    More specifically, the actions and inactions of Defendant BMW NA were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiff, resulting in significant and ongoing damages arising from the Incident at issue in this Complaint.

124.    Furthermore, Defendant BMW NA has each with such a conscious and flagrant disregard for the rights and safety of Plaintiff, and/or have deliberately engaged in willful, wanton and reckless disregard for the life and safety of the Plaintiff so as to entitle her to punitive and exemplary damages in an amount sufficient to keep such wrongful conduct from being repeated.

125.    WHEREFORE, Defendant BMW NA is each liable, and Plaintiff demands judgment, for punitive and exemplary damages, plus interest, costs and attorneys' fees for having to bring this action, and any such other and further relief as this Honorable Court or jury may deem just and proper against Defendant BMW NA in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a.    For a trial by jury and judgment against Defendant BMW AG and Defendant BMW AG, jointly and severally, for such sums as actual and other compensatory damages,

28

including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

b.    For exemplary and punitive damages against Defendant BMW AG in an amount as a jury may determine to halt such conduct;

c.    For the costs of this suit, including attorney's fees; and

d.    For such other and further relief to which they may be entitled and as this Honorable Court may deem just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.


By:    <u>s/ Kevin R. Dean</u>
Kevin R. Dean, Esq. (Fed I.D. 8046)
W. Taylor Lacy, Esq. (Fed I.D. 9929)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9152
kdean@motleyrice.com
wlacy@motleyrice.com

*ATTORNEYS FOR PLAINTIFF*


Mount Pleasant, South Carolina
Dated:  November 13, 2018