## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | | |
|---|---|---|
| DOMINIQUE L. ALEXANDER | ) | Civil Action No. 7:18-cv-03065-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY ACTION** |
| BMW OF NORTH AMERICA, LLC | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## THIRD AMENDED COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, Dominique L. Alexander, by and through the undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, files this Amended Complaint for Damages against the Defendants BMW of North America, LLC, and shows the Court as follows:

### NATURE OF THE ACTION

1.    This is a civil action seeking recovery for the serious, permanent, life scarring and post-crash personal injuries sustained by the Plaintiff Dominique L. Alexander (hereinafter "Ms. Alexander" or "Plaintiff") arising out of a foreseeable rear-end automobile collision on June 16, 2017 along Interstate 85 near Cowpens, South Carolina ("the Incident").

2.    Immediately prior to the Incident, Ms. Alexander was reasonably and foreseeably operating her 2015 BMW 528I, Vehicle Identification Number ("VIN") WBA5A5C54FD519705 ("the Subject Vehicle"), having brought the Subject Vehicle to a stop due to prevailing traffic conditions.

3.    Although traffic conditions dictated that Ms. Alexander bring the Subject Vehicle to stop, the Subject Vehicle was nevertheless stricken from behind, as well as other impacts during the following collision sequence.

4.      After being stricken from behind, the Subject Vehicle failed to provide Ms. Alexander with a reasonable or intended degree of crashworthiness during the foreseeable rear-end collision, as the Subject Vehicle's driver's front air bag system failed to deploy and her seatbelt failed to properly restrain her in a safe position and/or limit her expected excursion and resulting enhanced injuries.

5.      The Plaintiff brings this automotive products liability and personal injury action for her damages sustained, including but not limited to pain, suffering, and loss of enjoyment of life, as well as for punitive damages.

6.      This products liability action includes claims for general negligence, gross negligence, reckless conduct and strict liability in tort.

7.      The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of an uncrashworthy, defective, and unreasonably dangerous automobile and automobile occupant restraint and protection system, including the airbag and seatbelt restraint systems, as well as defective electrical primary and back-up power systems to operate electronic safety systems following a rear crash with truck/rear-end mounted battery and power sources disrupted in the initial rear-end collision.

## THE PARTIES, JURISDICTION, AND VENUE

8.      At all times relevant herein, Plaintiff is and was a citizen of State of North Carolina, residing in Winston-Salem, Forsyth County, North Carolina.

9.      Defendant BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Rd., Woodcliff Lake, New Jersey, 07677.  BMW NA designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells BMW brand cars, trucks, and sport utility vehicles in the United States,

including the Subject Vehicle. Defendant BMW NA has a Certificate of Authority to Transact Business in South Carolina and may be served by and through its registered agent for service of process, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

10.    At all times relevant herein, Defendant BMW NA has purposefully availed itself of the privilege of conducting business in the State of South Carolina, has conducted substantial business in the State of South Carolina, regularly caused its products to be sold in the State of South Carolina, and the cause of action arises out of a tort committed in the State of South Carolina and, therefore, personal jurisdiction is proper under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803 and Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

11.    Unless otherwise specified, Defendant BMW NA shall hereinafter be referred to as "BMW."

12.    This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

13.    Venue of this action properly lies in the District of South Carolina, pursuant to 28 U.S.C. § 1391(a), and within the Spartanburg Division, pursuant to Local Civil Rule 3.01 (D.S.C.), as it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

14.    Plaintiff is informed and believes, and thereon alleges, at all times mentioned in this Complaint, non-defendant and parent of BMW NA, Defendant BMW AG, and Defendant BMW NA were and are in the business of designing, engineering, building, manufacturing, constructing,

assembling, inspecting, fabricating testing, recommending, approving, distributing, marketing, advertising, promoting, selling, leasing, maintaining, recalling, packaging, evaluating designs, review reports of similar incidents and otherwise approving for distribution and sale to the general public certain motor vehicles, including the Subject Vehicle.

15.      On June 16, 2017, Ms. Alexander was operating the Subject Vehicle and using it for its intended purpose, namely traveling southbound on I-85 near Cowpens, South Carolina.

16.      Immediately prior to the incident which forms the basis of this action ("the Incident"), traffic conditions on I-85 South required Ms. Alexander to bring the Subject Vehicle to a complete stop in the left hand lane.

17.       Due to the aforementioned traffic conditions, three vehicles directly in front of the Subject Vehicle, a 2016 Chevrolet pickup, a 2008 Ford SUV and a 2009 Chrysler sedan, had each come to a complete stop in the left lane of I-85 South.

18.      While Ms. Alexander had brought the Subject Vehicle to complete stop in the left lane of I-85 due to prevailing traffic conditions, a 2004 Dodge SUV also traveling southbound in the left land of I-85 lane suddenly and unexpectedly struck the rear of the Subject Vehicle.

19.      The force of this rear collision pushed the Subject Vehicle into the Chrysler sedan directly in front of it; in turn, Chrysler sedan was pushed into the Ford SUV and the Ford SUV was pushed into the Chevrolet pickup.

20.      The force of this rear collision pushed the Subject Vehicle into the Chrysler sedan directly in front of it; in turn, Chrysler sedan was pushed into the Ford SUV and the Ford SUV was pushed into the Chevrolet pickup.

21.      In addition to pushing the Subject Vehicle into the stopped Chrysler sedan, the force of the rear collision also caused the Subject Vehicle to leave the left side of the roadway and to then

strike a guardrail.

22.    The Incident which forms the basis of this Complaint was a foreseeable collision event an occurred during Ms. Alexander's ordinary, reasonable, safe use of the Subject Vehicle at the time.

23.    At the time of the Incident, the Plaintiff was properly restrained in the driver's seat using the lap and shoulder belt provided in the Subject Vehicle and properly position in front of the vehicle's available driver airbag system.

24.    Nonetheless, during the Incident, a reasonably foreseeable rear-end automobile collision, the occupant restraint and protection systems in the Subject Vehicle, including the driver's front airbag system and seatbelt system, failed to protect Ms. Alexander. Additionally, defective electrical primary and back-up power systems failed to operate electronic safety systems following the rear crash that were defectively designed and installed in the vehicle's trunk/rear-end area whose battery and power sources disrupted in the initial rear-end collision and may have resulted in a power loss immediately after the initial rear-end collision.

25.    Due  to failure of the Subject Vehicle's electrical power supply systems, as well as its occupant restraint and protection systems, including the  non-deployment of the driver's frontal airbag system after it was commanded to deploy, and failure of the seatbelt system to properly restrain Ms. Alexander in the Subject Vehicle following firing of the pre-tensioners (the "Defects" herinafter), Ms. Alexander sustained serious trauma and injuries, including but not limited to traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, left forearm and wrist fractures, and severed emotional distress.

26.     The Subject Vehicle's electrical power supply systems, as well as its occupant restraint and protection systems, including the driver's seatbelt restraint and front airbag systems, failed to

provide protection to Ms. Alexander during the reasonably foreseeable rear-end automobile collision due to the lack of deployment of the driver's frontal airbag in an accident where there was deployment of the driver restraint system load limiting device. The deployment of the driver restraint system load limiting device introduced in excess of 8" of additional webbing material into the driver's belt system thereby allowing Ms. Alexander to strike the steering wheel and dash area during the subsequent frontal collision. The lack of deployment of the driver's airbag was due to either a design or manufacturing defect in the logic (algorithm) of the airbag control module and/or a loss of power to the airbag control module during the rear end impact. The loss of power to the air bag control module was caused by the defective location of the subject vehicle's battery combined with inadequate reserve power in the airbag control module.

27.    At the time of the Incident the Subject Vehicle and its component sub-assemblies at issue in this action were in the same essential condition as they were at the time that they left the Defendant's control.

28.    At no time prior to the Incident did Plaintiff have facts or information sufficient to apprise her, actually or constructively, of the defective condition of the electrical power supply systems, nor the occupant protection systems in the Subject Vehicle, including the driver's seatbelt and front airbag system that had a tendency to not deploy the airbags when commanded to fire..

29.    At no time prior to the Incident did Plaintiff discover the defective condition of the electrical power supply systems, nor the occupant seatbelt and airbag protection systems in the Subject Vehicle.

30.    At no time prior to the Incident did Plaintiff have facts or information sufficient to apprise her, actually or constructively, of the unreasonable dangers posed by the electrical power supply systems, nor the driver's seatbelt and airbag protection systems in the Subject Vehicle.

31.    At no time prior to the Incident did Plaintiff, upon having facts or information which not only apprised her of the defective condition of the of the unreasonable dangers posed by the occupant protection systems in the Subject Vehicle, including the electrical power supply systems, nor the driver's seatbelt and airbag protection systems, but also imparted knowledge and appreciation of the dangers posed thereby, then proceed to make use of the Subject Vehicle.

32.    At no time prior to the Incident did Plaintiff, upon having facts or information which not only apprised her of the defective condition of the of the unreasonable dangers posed by the electrical power supply systems, nor the driver's seatbelt and airbag protection systems in the Subject Vehicle, but also imparted knowledge and appreciation of the dangers posed thereby, then proceed to make use of the Subject Vehicle in an unreasonable manner.

33.    At no time prior to the Incident did Plaintiff, whom had no facts or information which would have apprised her of the defective condition of the of the unreasonable dangers posed by the electrical power supply systems, or the driver's seatbelt and airbag protection systems in the Subject Vehicle, but also imparted knowledge and appreciation of the dangers posed thereby, then proceed to make use of the Subject Vehicle in a manner unforeseeable to Defendant BMW NA.

34.    The injuries sustained by Ms. Alexander, as described more fully herein, would not have occurred but for the defects present in the Subject Vehicle and its electrical power supply systems, as well as seatbelt and occupant protection systems, and the component parts thereto, on June 16, 2017, as those defects allowed the occupant protection systems, including the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems in the Subject Vehicle, following a reasonably foreseeable rear-end automobile collision.

## **CONDITIONS PRECEDENT**

35.    All conditions precedent to the bringing of this action and Plaintiff's right to the relief

sought herein have occurred, have been performed or have been excused.

## FIRST CLAIM FOR RELIEF
### Strict Liability: Design Defect

36.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

37.    At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 *et seq*. of the South Carolina Code of Laws (1976, as amended).

38.    Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW NA are each strictly liable for designing, testing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

39.    At all times relevant herein, the Subject Vehicle and its electrical power and occupant protection systems, including but not limited to the electrical power supply systems, as well as driver's seatbelt and airbag protection systems, were defective and unreasonably dangerous as to its design causing the Subject Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

40.    At all times relevant herein, Defendant BMW NA, had involvement and/or was aware of all of the alleged the Defects set forth herein, and was responsible for the distribution, marketing, sale, evaluation of design to comply with U.S. applicable NHTSA standards, warranties, service and needed repairs/recall of the Subject Vehicle and its electrical power supply systems, occupant protection systems, including but not limited to the driver's front seatbelt system and front airbag system.

41.    At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner, including when the Incident alleged herein occurred.

42.    Plaintiff neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

43.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, and sold with occupant protection systems, including the driver's front airbag system, which failed to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident;

44.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was distributed, marketed, sold with electrical power supply systems, as well as occupant protection systems, including but not limited to the driver's front seatbelt system, which failed to properly operate when needed and to properly restrain the driver when the driver's airbag would not deploy during the foreseeable secondary collision which occurred during the Incident;

45.    At all times relevant herein, Defendant BMW NA was aware of the Defects, as well as needed recalls, repairs and/or feasible alternative designs which would have minimized or eliminated altogether the risks of injury posed by the Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems.

46.    At all times relevant, the risks of injury posed by the design of Subject Vehicle and its electrical power supply systems, and occupant protection systems, including the driver's seatbelt and airbag protection systems, outweighed the potential benefits, if any, offered by said driver's occupant protection systems.

47.    At all times relevant herein, Defendant BMW NA was aware of the Defects, as well as

needed recalls, repairs and/or feasible alternative designs which would have minimized or eliminated altogether the risks of injury posed by the Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems.

48.     At all times relevant, the risks of injury posed by the design of Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's airbag system outweighed the potential benefits, if any, offered by said driver's seatbelt and airbag protection systems.

49.     At all times relevant herein, Defendant BMW NA failed to inspect, evaluate, test, repair , recall and/or sell a product that was safe for its intended use.

50.     The design, marketing and sale of the unreasonably dangerous Subject Vehicle by Defendant BMW NA was a direct and proximate cause of the serious, permanent injuries Plaintiff sustained arising out of the Incident, including but not limited to:

      a.  Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

      b.  Excruciating physical pain and suffering;

      c.  Severe mental and emotional distress;

      d.  Lost wages past, reduced earning capacity and inability to work in those professional fields as trained and educated; andSuch other injuries as the evidence may show.

51.     Plaintiff demands judgment against Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of

this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

52.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### SECOND CLAIM FOR RELIEF
### Strict Liability: Manufacturing Defect

53.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

54.    At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-*10 et seq*. of the South Carolina Code of Laws (1976, as amended).

55.    Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW NA are each strictly liable for manufacturing, testing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

56.    At all times relevant herein, Defendant BMW NA was responsible for the manufacture and sale of the Subject Vehicle and its occupant protection systems, including but not limited to the Subject Vehicle's electrical power supply systems, as well as driver's seatbelt and airbag protection systems prior to the Incident on June 16 2017.

57.    At all times relevant herein, the Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems, were  defective and unreasonably dangerous as the Subject Vehicle's as-manufactured condition did not conform to its intended design and/or manufacture, and therefore

11

did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

58.    At all times relevant herein, the Subject Vehicle's electrical power supply systems, as well as the driver's seatbelt and airbag protection systems did not conform to their intended design and manufacturer, and therefore did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use, rendering it to be in a defective condition that made it unreasonably dangerous for its intended use.

59.    At all times relevant herein, the Subject Vehicle's the driver's electrical power supply systems, as well as driver's seatbelt and airbag protection systems did not conform to its intended design and did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use, rendering it to be in a defective condition that made it unreasonably dangerous for its intended use.

60.    At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred.

61.    Plaintiff neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

62.    At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed,  manufactured and sold with electrical power supply systems, and occupant protection systems, including but not limited to the driver's front airbag system, which failed to ensure that the driver's airbag would deploy during the foreseeable secondary collision which occurred during the Incident, and the seatbelt system failed to properly restrain its occupant in a foreseeable accident;

63.    At all times relevant herein, Defendant BMW NA was aware that the average consumer would not recognize, or appreciate, the risks posed by the failure of the electrical power supply systems, as well as driver's seatbelt and airbag protection systems to conform to its intended design.

64.    At all times relevant herein, Defendant BMW NA, failed to manufacture, test, inspect, recall and/or sell a product that was safe for its intended use.

65.    The manufacture, marketing, failure to recall and sale of the unreasonably dangerous Subject Vehicle by Defendant BMW NA was a direct and proximate cause of  the serious, permanent injuries Plaintiff sustained arising out of the Incident, including but not limited to:

    a.    Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

    b.    Excruciating physical pain and suffering;

    c.    Severe mental and emotional distress;

    d.    Lost wages past, reduced earning capacity and inability to work in those professional fields as trained and educated; andSuch other injuries as the evidence may show.

66.    Plaintiff demands judgment against Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

67.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with

interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### THIRD CLAIM FOR RELIEF
### Strict Liability: Failure to Warn

68.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

69.     At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to Sellers of Defective Products as set forth in Section 15-73-10 *et seq*. of the South Carolina Code of Laws (1976, as amended).

70.     Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW NA is strictly liable in tort, irrespective of privity, for placing a defective and unreasonably dangerous product in the stream of commerce without adequate or necessary warnings sufficient to inform foreseeable users and consumers, including Plaintiff, of the dangerous conditions and hazards associated with the design and/or manufacture of the Subject Vehicle and its occupant protection systems, including the driver's front seatbelt system and the driver's front airbag system.

71.     Pursuant to S.C. Code § 15-73-10 *et seq*., Defendant BMW NA is strictly liable in tort, irrespective of privity, for placing a defective and unreasonably dangerous product in the stream of commerce without adequate or sufficient warnings because it each knew or had reason to know that the Subject Vehicle and its electrical power supply systems, as well as occupant protection systems, including the driver's seatbelt and airbag protection systems, was unreasonably dangerous due to, *inter alia,* the significant risk that the driver's front airbag system would fail to have power when needed for safety systems, or deploy in foreseeable, real-world secondary collisions, and its driver's seatbelt fail to properly restrain the driver in foreseeable accidents.

72.     At all times relevant, Defendant BMW NA knew, or should have known, that the Subject

Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, as well as driver's seatbelt and airbag protection systems, presented a substantial danger during intended and reasonably foreseeable use which was not readily recognizable to ordinary users and consumers, including Plaintiff.

73.     At all times relevant herein, the Subject Vehicle's electrical power supply systems, as well as driver's seatbelt and airbag protection systems did not conform to its intended design and did not provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use, rendering it to be in a defective condition that made it unreasonably dangerous for its intended use.

74.     At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred.

75.     Plaintiff neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

76.     At all times relevant herein, Defendant BMW NA, collectively and respectively, had a duty to warn users of the dangers associated with by the Subject Vehicle and its occupant protection systems, including the electrical power supply systems, as well as driver's seatbelt and airbag protection systems.

77.     The lack of such warnings rendered Subject Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems, to be defective and unreasonably dangerous.

78.     At all times relevant herein, Defendant BMW NA, failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

79.    Had Defendant BMW NA, warned, and/or adopted alternative warnings regarding the aforementioned risks posed by the Subject Vehicle and its occupant protection systems, including the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems, Plaintiff would have actually been informed and apprised of those acute risks and would have altered her conduct, and preventing the Incident.

80.    The failure of Defendant BMW NA, respectively and collectively, to adequately warn of the substantial dangers posed by Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems, was a proximate cause of Plaintiff's injuries.

81.    The design, manufacture, marketing and/or sale of the Subject Vehicle by Defendant BMW NA without adequate or sufficient warnings or a recall. regarding the hazards posed by the Subject Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, as well as driver's seatbelt and airbag protection systems, was a direct and proximate cause of  the serious, permanent injuries Plaintiff sustained arising out of the Incident, including but not limited to:

a.    Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

b.    Excruciating physical pain and suffering;

c.    Severe mental and emotional distress;

d.    Lost wages past, reduced earning capacity and inability to work in those professional fields as trained and educated; and

e.    Such other injuries as the evidence may show.

82.    Plaintiff demands judgment against Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

83.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

### FOURTH CLAIM FOR RELIEF
### Negligence, Gross Negligence, Willful and Wanton Conduct: Design Defect

84.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

85.    At all times relevant herein, Defendant BMW NA, designed, selected, inspected, tested, assembled, equipped, evaluated, had design input, marketed, distributed, sold and failed to recall the Subject Vehicle and its electrical power supply systems, as well as occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems.

86.    At all times relevant herein, Defendant BMW NA, designed, selected, inspected, tested, assembled, equipped, evaluated, had design input, marketed, distributed, sold and failed to recall the Subject Vehicle and its electrical power supply systems, as well as occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems, and owed Plaintiff a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the Subject Vehicle and its components, including but not limited to its electrical power supply systems, and occupant protection systems, including the driver's front

seatbelt system and the driver's front airbag system, so that they would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

87.    At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, evaluated, had design input, marketed, distributed, and sold by Defendant BMW NA, the Subject Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its occupant protection systems, including but not limited to the electrical power supply systems, and the driver's seatbelt and airbag protection systems, are, and were, inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

88.    At all times relevant herein, Defendant BMW NA, respectively and collectively, were each negligent, grossly negligent, willful, wanton, reckless and careless in the design, selection, inspection, testing, assembly, equipping, marketing, distribution and sale of the Subject Vehicle, and each breached its duties of care owed to Plaintiff by:

  a.    Failing to adopt and implement adequate safety hierarchy procedures and policies;

  b.    Failing to design, manufacture, test, assemble and/or install the electrical power supply systems, and the occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems to protect the Plaintiff in a foreseeable collisions;

  c.    Failing to design, manufacture, test, assemble and/or install the occupant protection systems, including but not limited to the electrical power supply systems, and driver's seatbelt and airbag protection systems, so as to ensure that the driver's

airbag would deploy during the foreseeable secondary collision which occurred during the Incident, and the driver's seatbelt system properly retrain the driver in a foreseeable accident;

d.     Failing to ensure that the Subject Vehicle was reasonably crashworthy;

e.     Failing to timely investigate field problems, evaluate design, discover manufacturing defects and conduct timely recalls;

f.     Failing to exercise reasonable care in the design of the Subject Vehicle and its occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems;

g.     Failing to exercise reasonable care in the testing of the Subject Vehicle and its electrical power supply systems, and the occupant protection systems, including but not limited to the  driver's seatbelt and airbag protection systems;

h.     Failing to exercise reasonable care in the inspection of the Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems;

i.     Failing to adopt and implement adequate warnings regarding Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems;

j.     Failing to incorporate appropriate quality assurance procedures in design and distribution of the of the Subject Vehicle and its electrical power supply systems, and occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems;

k.     Failing to adopt and/or insist that its manufacturer adopt feasible alternative designs

with respect to the Subject Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, as well as driver's seatbelt and airbag protection systems; and

l.    On such other and further particulars as the evidence may show.

89.    At all times relevant, as a direct and proximate result of respective and collective tortious actions and inactions of Defendant BMW NA, and the breaches complained of herein, Plaintiff has suffered serious permanent injuries arising out of the Incident, including but not limited to:

a.    Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

b.    Excruciating physical pain and suffering;

c.    Severe mental and emotional distress;

d.    Lost wages past, reduced earning capacity and inability to work in those professional fields as trained and educated; and

e.    Such other injuries as the evidence may show.

90.    Plaintiff demands judgment against Defendant BMW NA, jointly and severally, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

91.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may

deem just and proper.

## FIFTH CLAIM FOR RELIEF
## Negligence, Gross Negligence, Willful and Wanton Conduct: Failure to Warn

92.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

93.     At all times relevant herein, Defendant BMW NA, as the entity responsible for being involved in designing, testing, manufacturing, evaluating, inspecting, distributing, selling, timely recall and/or placement into the stream of commerce of the Subject Vehicle and its electrical power supply systems, as well as occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems, owed a duty to warn the Plaintiff of foreseeable dangerous conditions of the Subject Vehicle which would impair its safety.

94.     At all times relevant herein, Defendant BMW NA knew, or should have known, that the Subject Vehicle's and its electrical power supply systems, as well as occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems, was insufficiently robust so as to ensure that the driver's airbag would deploy and seatbelt properly restrain during the foreseeable secondary collision which occurred during the Incident;

95.     At all times relevant herein, Defendant BMW NA, would have had, or actually had, any reason to believe that users, including the Plaintiff, would realize these potential dangers.

96.     At all times relevant herein, Defendant BMW NA had a duty to warn users of the dangers associated with by the Subject Vehicle and its electrical power supply system, as well as occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems.

97.     At all times relevant herein, Defendant BMW NA each failed to warn of the inherent and latent defects, as well as field complaints and investigations it had conducted that made this product dangerous and unsafe for its intended use.

98.     At all times relevant herein, Defendant BMW NA was negligent, grossly negligent, willful, wanton, reckless and/or careless in that it failed to inform users, including the Plaintiff, of the Subject Vehicle's dangerous condition created by the propensity of the Subject Vehicle's electrical power supply system's sudden loss of power, as well as occupant protection systems, including but not limited to the driver's seatbelt and airbag protection systems failure to protect the driver in foreseeable collisions, including during the Incident, and in doing so, breached a duty owed to the Plaintiff.

99.     At all times relevant herein, Defendant BMW NA was negligent, grossly negligent, willful, wanton, reckless and/or careless in that it failed to inform users, including the Plaintiff, of the Subject Vehicle's dangerous condition created by the propensity of the Subject Vehicle's occupant protection systems, including but not limited to the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems to fail to deploy and/or properly restrain the driver in foreseeable secondary collisions such as the one which occurred during the Incident, and in doing so, breached a duty owed to the Plaintiff.

100.    The lack of such warnings rendered Subject Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, and driver's seatbelt and airbag protection systems, to be defective and unreasonably dangerous.

101.    Had Defendant BMW NA warned, and/or adopted alternative warnings regarding the aforementioned risks posed by the Subject Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems, Plaintiff would have actually been informed and apprised of those risks and would have altered her conduct, preventing the Incident.

102.    The failure of Defendant BMW NA to adequately warn of the substantial dangers posed

by Subject Vehicle and its occupant protection systems, including but not limited to the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems, was a proximate cause of Plaintiff's injuries.

103.    As a direct and proximate result of the failure of Defendant BMW NA to warn of the dangers posed by the Subject Vehicle's occupant protection systems including but not limited to the electrical power supply systems, as well as the driver's seatbelt and airbag protection systems, and the breaches complained herein, Plaintiff has suffered serious and permanent serious, arising out of the Incident, including but not limited to:

   a.  Serious personal injuries, including traumatic subarachnoid bleeding with loss of consciousness, fractured vertebra, fractured ribs, fractured nose, bilateral frontal factures extending into the frontal sinuses, and left forearm and wrist fractures;

   b.  Excruciating physical pain and suffering;

   c.  Severe mental and emotional distress;

   d.  Lost wages past, reduced earning capacity and inability to work in those professional fields as trained and educated; andSuch other injuries as the evidence may show.

104.    By reason of the foregoing, Plaintiff is entitled to recover for all general and special damages she sustained as a direct and proximate result of each Defendant's negligent and grossly negligent acts or omissions.

105.    Plaintiff demands judgment against Defendant BMW NA, for all actual and compensatory damages she suffered, including but not limited to pain and suffering, past and future medical expenses, loss of enjoyment of life and emotional distress, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

106.    Additionally, Plaintiff demands judgment against Defendant BMW NA for punitive

damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

**SIXTH CLAIM FOR RELIEF**
**Punitive Damages**

107.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

108.    In addition to the general and special damages suffered by Plaintiff and proximately caused by the Defendant BMW NA's bad actions and inactions, as it concerns the defective operations and performance of the Subject Vehicle on June 16, 2017, and as previously alleged and set forth in this Complaint, Plaintiff also, as a further result of Defendant BMW NA's reckless, willful, negligent and grossly negligent conduct, is entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

109.    More specifically, the actions and inactions of Defendant BMW NA were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiff, resulting in significant and ongoing damages arising from the Incident at issue in this Complaint.

110.    Furthermore, Defendant BMW NA has each with such a conscious and flagrant disregard for the rights and safety of Plaintiff, and/or have deliberately engaged in willful, wanton and reckless disregard for the life and safety of the Plaintiff so as to entitle her to punitive and exemplary damages in an amount sufficient to keep such wrongful conduct from being repeated.

111.    WHEREFORE, Defendant BMW NA is each liable, and Plaintiff demands judgment, for punitive and exemplary damages, plus interest, costs and attorneys' fees for having to bring this

action, and any such other and further relief as this Honorable Court or jury may deem just and proper against Defendant BMW NA in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

a.    For a trial by jury and judgment against Defendant BMW NA for such sums as actual and other compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

b.    For the costs of this suit, including attorney's fees; and

c.    For such other and further relief to which they may be entitled and as this Honorable Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

**MOTLEY RICE LLC**

By:     s/Kevin R. Dean
Kevin R. Dean (Fed I.D. 8046)
Lee Marshall Heath (Fed I.D. 9794)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Phone: (843) 216-9152
kdean@motleyrice.com
lheath@motleyrice.com

*ATTORNEYS FOR PLAINTIFF*

Dated:    April 6, 2022
Mount Pleasant, SC  29464