IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Dominique L. Alexander, | ) | Case No.: 7:18-CV-03065-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BMW of North America LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Dominique L. Alexander's ("Plaintiff" or "Alexander") submission of a Bill of Costs for $ 128,695.45. (DE 248.) Defendant BMW of North America LLC ("Defendant" or "BMW") filed a response in opposition, contending Plaintiff is not entitled to "recovery for fees and expenses for her retained experts" and "fees and expenses for a fact witness who voluntarily stayed in Greenville for the rest of the trial (well after his testimony concluded)," and Plaintiff "fails to provide itemized receipts for the expenses listed on her Bill of Costs." (DE 250, p. 1.) After that, the Court issued a text order directing Plaintiff to "file a response to Defendant's objection with supporting documentation." (DE 259.) Plaintiff submitted a reply to the Court's text order and withdrew $3,777.49 in costs attributable to a witness who stayed in Greenville beyond his testimony and the witnesses' lost wages. (DE 262.) For the reasons below, the Court grants, in part, Plaintiff's Bill of Costs and directs the parties to meet and confer regarding allowable costs consistent with this Order.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption "that costs are awarded to the prevailing party." Keeshan v. Eau Claire Coop. Health Centers, Inc., 394 F. App'x 987, 997 (4th Cir. 2010). However, "while Rule

1

54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption [of awarding costs], a district court must justify its decision [to deny costs] by articulating some good reason for doing so." Id.  These factors may justify denying an award of costs: (1) the prevailing party's engagement in misconduct worthy of a penalty; (2) "the losing party's inability to pay"; (3) excessive claimed costs; (4) the limited value of the prevailing party's victory; and (5) "the closeness or difficulty of the issues decided." Id.  A district court's decision to award or deny costs is reviewed for abuse of discretion.  See id.

Plaintiff prevailed here when judgment was entered in her favor pursuant to a jury verdict. Plaintiff now contends $124,917.96 in costs were paid by Plaintiff in connection with fees of the clerk, fees for service of summons and subpoena, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for witnesses, fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and other costs.  (DE 248.)  Defendant objects only to certain costs included in fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for witnesses, and other costs that include expert fees.

Defendant objects to the inclusion of fees for Plaintiff's retained experts and the deposition transcripts of fact witnesses who did not testify at trial.  This Court agrees that Plaintiff is not entitled to the costs associated with her retained experts beyond the regular statutory witness fees and costs.  "A district court may not grant a witness fee beyond that provided for by other applicable statutes." Sevigny v. Dicksey, 846 F.2d 953, 959 (4th Cir. 1988).  Further, "expert witness fees, absent explicit statutory or contractual authority, are not taxable as costs in amounts exceeding the statutory limit for witness fees." Lavay v. Dominion Federal Sav. Loan Ass'n, 830

F.2d 522, 528 (4th Cir. 1987).  The statutory witness fee is enumerated in 28 U.S.C. § 1821(b): "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821.  Likewise, "[a]dditional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in the Federal courts . . . ." Henkel v. Chicago, St. Paul, Minn. & Omaha Ry., 284 U.S. 444, 446-47 (1932).  Accordingly, the Court denies Plaintiff's request for these costs.  The Court also agrees that Plaintiff is not entitled to costs for the recorded deposition transcripts that were not otherwise introduced at trial.

Therefore, after considering the Cherry factors, the Court **GRANTS** Plaintiff's costs consistent with this Order and directs Plaintiff to submit a supplemental Form AO 133 for Bill of Costs within 14 days of this Order.

**IT IS SO ORDERED.**

Florence, South Carolina
December 27, 2023

Joseph Dawson, III
United States District Judge

3